UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WANDA BIXMAN,

    Plaintiff,

vs.                                CASE NO.:

HARTFORD LIFE AND
ACCIDENT INSURANCE
COMPANY,

    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, WANDA BIXMAN, ("Bixman"), by and through the undersigned attorney, and sues the Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("Hartford") and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e).

3. This Court has venue pursuant to 29 U.S.C. §1132(e). In particular, in ERISA actions, venue is proper where the performance of the Plan terms was to

take place. Benefits here were to be paid at Bixman's home address in St. Cloud, Florida. See Exhibit "A" attached hereto.

4. Bixman is and/or was a participant in each of the plans, funds, programs or arrangements described herein.

5. Bixman was an employee of ADP TotalSource, Inc. ("ADP" or "Employer") and as such she was insured through a group disability policy issued to ADP by Hartford.

6. The Employer is the Plan Sponsor and Plan Administrator of the employee welfare benefit plan providing long term disability benefits.

7. The "Plan" is a welfare benefit plan established under ERISA to provide long term disability benefits to those participants who satisfy the terms and conditions of the Plan to receive such benefits.

8. A copy of what purports to be a document describing benefits payable under the Plan is attached hereto as Exhibit "B".

9. Hartford is the claims administrator, it makes the "full and fair" final review of claims and it insures the payment of benefits under the Plan.

10. Hartford denied and/or terminated Bixman's claim finding that she was not disabled under the terms of the Plan. Hartford's last denial letter is dated August 12, 2021.

11. With respect to the claims made herein, Bixman has exhausted her administrative remedies and/or exhaustion has been excused or is waived.

## COUNT I
### (Action for Plan Benefits 29 U.S.C. §1132(a)(1)(B))

Bixman incorporates the allegations contained in paragraphs 1 through 11 above, and further states:

12. The Plan provided for the payment of long term disability benefits in the event Bixman became disabled as defined in the Plan. The Plan also provided for the continuation of other benefits in the event of disability. The other benefits are described with particularity in the applicable plan documents for those plans.

13. Bixman was and is disabled as defined by the Plan at all times material hereto.

14. Bixman made a claim for Plan benefits. Said claim for benefits was terminated or denied.

15. Bixman is entitled to Plan benefits.

16. Hartford has failed and refused to pay Bixman sums due pursuant to the terms of the Plan, breaching the terms of said Plan.

17. Because of the failure to pay benefits pursuant to the terms of the Plan, Bixman has been forced to retain the undersigned attorneys and is obligated

to pay them a reasonable attorney's fee. Bixman is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, plaintiff, Bixman, prays for relief from defendant, Hartford, for the payment of disability benefits, reinstatement to all other benefits, including the waiver of premiums as if benefits had never been terminated or denied, plus attorney's fees and costs and any other such further relief as the Court deems proper.

Date:  January 27, 2022

/s/Gregory D. Swartwood
Gregory D. Swartwood, Esquire
Florida Bar No. 858625
The Nation Law Firm, LLP
570 Crown Oak Centre Drive
Longwood, FL  32750
Telephone:  (407) 339-1104
Facsimile:  (407) 339-1118
E-Mail:  gswartwood@nationlaw.com
Attorneys for Plaintiff